W. H. SUMMERS and Another v. PRATT EXPRESS COMPANY.[1]

May 25, 1906.

Nos. 14,754—(57).

Appeal by defendant from an order of the municipal court of Minneapolis, Charles L. Smith, J., denying a motion for a new trial. Affirmed.

*Winfield W. Bardwell,* for appellant.
*John H. Steele,* for respondents.

[1] Reported in 107 N. W. 1135.

PER CURIAM.

Action to recover the value of a trunk and contents delivered to defendant at Merriam Park for delivery by it at the Union Depot, Minneapolis. The case was tried before the court without a jury, and judgment ordered for plaintiffs. Defendant seeks a reversal upon the ground that the evidence is manifestly and palpably against the finding of the court.

The trunk was what is known as a "steamer trunk" and had a number of foreign labels on it, and according to the description given was not difficult to identify. It is admitted that defendant's driver, Munson, received the trunk for transportation to Minneapolis some time between four and five o'clock in the afternoon of May 5, 1904. Munson testified that he put the trunk in his wagon, and drove directly to the Union Depot, and placed it inside the baggage room door, the usual place for delivery of such baggage; that he did not deliver the trunk to any particular baggageman, and could not identify any of the persons in charge at that time; that he received no claim check for the trunk; and that it was his custom to deliver trunks at the same place without receiving any checks. Another witness testified that he rode with Munson from Fourteenth avenue and Washington street, in Minneapolis, to the Union Depot, and saw him leave a steamer trunk in the baggage room. One of the plaintiffs, Mrs. Summers, testified that she went to the Union Depot late in the afternoon of the same day the trunk was delivered to the driver, for the purpose of checking it; that she went into the baggage room to identify the trunk, but could not find it; that she returned the following day, and was told that no baggage answering her description had been received, and that she and some of the baggagemen looked over all the baggage in the room, but could not find the trunk; that she returned to the baggage room again the day after, and looked for the trunk, but that it could not be found. William B. Summers, father of plaintiffs, testified that he went to the Union Depot baggage room the day following delivery of the trunk to defendant's driver, and with the baggage master made diligent search for the trunk, but could not find it. The baggage master testified that, as soon as the matter was reported to him the following day, he made a thorough search for the trunk, but was unable to find it.

From the evidence the trial judge was of the opinion that the trunk was not delivered in the baggage room, and the evidence is not manifestly against his conclusion. We are not at liberty to take the evidence of defendant's witness and disregard the other testimony in the case. While the weight of the evidence might indicate that the trunk was delivered, and thereafter lost or stolen from the baggage room, yet the witnesses were all before the trial court, subject to the test of cross-examination and observation, and we are bound by the result.

Order affirmed.